UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADAN YUSUF IBRAHIM,

              Plaintiff,

   v.

DRAKE, et al.,

              Defendants.

Case No. 2:23-cv-01755-BHS-TLF

ORDER

On October 25, 2024, the Court held a hearing on Defendant's motion for summary judgment (Dkt. 27) and the various pending discovery motions brought by both parties (Dkts. 20, 21, 30, 35). Dkt. 44. During the hearing, the Plaintiff requested the appointment of counsel. For the reasons discussed below, Plaintiff's motion is GRANTED, contingent on the Court being able to locate an attorney willing to represent Plaintiff pro bono in this matter.

## DISCUSSION

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff "may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding in forma pauperis. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

ORDER - 1

1      The Court will appoint counsel only under "exceptional circumstances." *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009). When determining whether exceptional circumstances exist, a district court must consider both the "likelihood of…success on the merits" and whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). Neither factor is dispositive, both must be viewed together. *Id*.

      As addressed during the Court's hearing on October 25, 2024, it is evident from the record, and statements of the parties during oral argument, that Plaintiff has recently undergone mental health evaluation and treatment at Western State Hospital. The Court informed the parties during the hearing that it will be seeking additional relevant information regarding Plaintiff's mental health as it relates to Defendants' summary judgment motion for failure to exhaust administrative remedies. The Court further discussed the need for a protective order after Defendants' counsel stated that security issues at the King County Jail would require sealing or redaction of certain information regarding some of Plaintiff's discovery requests relating to video surveillance. The Court, thus, finds that this case presents complex legal and factual aspects.

      Although Plaintiff has filed hand-written pleadings and submissions to the Court and is able to express his ideas during oral argument, the Court finds that this case would be appropriate for appointment of pro bono counsel, in light of the pending motions, as well as the documentation of Plaintiff being transferred to emergency medical treatment in the hospital for a head injury in December 2022; and being transferred three times for evaluation of whether he was competent to stand trial, to Western State Hospital between April 24, 2023 and February 2, 2024 (see, Dkt 36,

Plaintiff's response to summary judgment, and submission of photograph concerning injuries; Dkt. 38, Defendants' reply, Dkt. 39, Second Declaration of Andrea Williams, Dkt. 39-1; Dkt. 40, Plaintiff's surreply).

      Plaintiff's motion for appointment of counsel, is therefore GRANTED – contingent on identifying a pro bono attorney who is available and willing to accept such an appointment.

      The Clerk shall identify an attorney or law firm from the Court's Pro Bono Panel to represent Plaintiff Ibrahim in this case. The scope of the engagement will ultimately be between the attorney and the client. Mr. Ibrahim is advised that the Court cannot force any attorney to take this case, and it is possible that a pro bono attorney will not be found, and that Mr. Ibrahim will remain unrepresented. If the Court cannot locate an attorney who is willing to provide representation, the Court will notify the parties by a minute entry for the electronic docket, stating that the inquiry was unsuccessful.

      Dated this 28th day of October, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER - 3