UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADAN YUSUF IBRAHIM,<br><br>                  Plaintiff,<br>    v.<br><br>DRAKE, et al.,<br><br>                  Defendants. | Case No. 2:23-cv-01755-BHS-TLF<br><br>ORDER TO SHOW CAUSE, AND ORDER DIRECTING THE PARTIES TO MEET AND CONFER REGARDING SCHEDULING ORDER |

On October 28, 2024, the Court granted Plaintiff Adan Yusuf Ibrahim's motion for appointment of counsel. Dkt. 45. On November 21, 2024, the Court appointed attorneys Nicholas Valera and John Goldmark as counsel for Mr. Ibrahim. Dkt. 46. The parties subsequently filed a joint status report indicating that counsel for Mr. Ibrahim are working to contact and engage with Mr. Ibrahim as a client via U.S. postal service, and in the meantime, are also evaluating the case's history. Dkt. 49. The parties further agreed to file an additional joint status report no later than January 13, 2025. *Id.*

Pending before the Court are the following motions: (1) plaintiff's motion for discovery (Dkt. 20); (2) plaintiff's motion to confer with defendants and their attorney (Dkt. 21); (3) defendants' motion for summary judgment (Dkt. 27); (4) defendants' motion to stay discovery (Dkt. 30); and plaintiff's motion for discovery (Dkt. 35).

The Court, during the hearing on Defendants' motion for summary judgment for failure to exhaust administrative remedies, raised questions about whether plaintiff's

ORDER TO SHOW CAUSE, AND ORDER DIRECTING
THE PARTIES TO MEET AND CONFER REGARDING
SCHEDULING ORDER - 1

mental health would have allowed him to exercise judgment about administrative remedies since he arrived at King County Jail in November 2021 -- in the context of the record showing plaintiff had been transferred to Western State Hospital for competency evaluations on three different occasions. The Court stated it would issue an order to show cause for the parties to submit additional information relating to plaintiff's mental health condition and the records pertaining to his underlying criminal matter because the record appeared incomplete.

With respect to the pending discovery motions, the Court asked the Government to start preparing a proposed protective order for the video surveillance evidence plaintiff requested relating to his allegation that defendants used excessive force on him on December 13, 2022. The Court stated that if a pro bono counsel was located for plaintiff, his counsel would work with defendants' counsel on the protective order.

Since the October 25, 2024, hearing, counsel has been located and appointed for plaintiff. Because counsel for plaintiff has been appointed, the Court orders the parties to show cause why the pending motions should not be re-noted until after plaintiff's newly appointed counsel consults with plaintiff, and has an opportunity to investigate, review the record in this case, and learn about the proceedings in plaintiff's criminal matter.

The parties are ordered to show cause no later than December 20, 2024, why the Court should not re-note the pending motions to a later date that allows newly appointed counsel to onboard. If neither party responds to the order to show cause by the deadline, the Court will consider the non-response as an agreement that re-noting the motions would be appropriate.

ORDER TO SHOW CAUSE, AND ORDER DIRECTING
THE PARTIES TO MEET AND CONFER REGARDING
SCHEDULING ORDER - 2

The Court's initial scheduling order is stricken (Dkt. 18) and the parties are directed to meet and confer regarding an updated scheduling order. After they meet and confer, they shall propose a stipulated schedule in a joint status report to be filed on or before January 13, 2025.

Dated this 11th day of December, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE, AND ORDER DIRECTING
THE PARTIES TO MEET AND CONFER REGARDING
SCHEDULING ORDER - 3