UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADAN YUSUF IBRAHIM,<br><br>                Plaintiff,<br>    v.<br>DRAKE, et al.,<br><br>                Defendants. | Case No. 2:23-cv-01755-BHS-TLF<br><br>ORDER DIRECTING DEFENDANT TO INDICATE THEIR DECISION TO REQUEST SUPPLEMENTING THE RECORD OR BRIEFING OR STAND ON THEIR CURRENT SUMMARY JUDGMENT BRIEF |

      On February 5, 2025, the Court held a status hearing by videoconference. Dkt. 53, 58. The Court reviewed the parties' joint status report (Dkt. 53) and will issue a separate amended pretrial scheduling order.

      During the conference, the parties requested clarification from the Court about the next steps on defendants' pending motion for summary judgment for failure to exhaust administrative remedies (Dkt. 27).

      During the October 25, 2024, hearing on the defendants' motion, when plaintiff was a pro se litigant, the Court asked questions about plaintiff's mental health -- in the context of the record showing plaintiff had been transferred to Western State Hospital for competency evaluations on three different occasions. The Court stated it would issue an order to show cause for the parties to submit additional information relating to plaintiff's mental health condition and the records pertaining to his underlying criminal matter because the record appeared incomplete.

ORDER DIRECTING DEFENDANT TO INDICATE
THEIR DECISION TO REQUEST SUPPLEMENTING
THE RECORD OR BRIEFING OR STAND ON THEIR
CURRENT SUMMARY JUDGMENT BRIEF - 1

Because plaintiff is now represented by counsel, the Court *withdraws* its oral comment regarding the need for an order to show cause.

The plaintiff indicated during the hearing that they were considering filing an amended complaint. The Court's pretrial scheduling order will include a deadline for filing any motion to amend the complaint.

The Court **ORDERS** defendants to inform the Court and opposing counsel by filing a motion with the Court, if the defendants request to supplement the record concerning their pending summary judgment motion. In the motion, the defendants should be clear if they are only requesting the opportunity to present additional documents and supplement the record, or if they want to supplement the record *and* file a new motion for summary judgment to dismiss for failure to exhaust administrative remedies.

The deadline for defendants to make this motion is **February 18, 2025**. If plaintiff objects to defendants' request, their deadline to file any objection is **February 25, 2025**.

The Court will give the plaintiff an opportunity to respond to the existing summary judgment motion (Dkt. 27), and will provide an opportunity for the defense to reply to plaintiff's response brief, now that plaintiff is represented by counsel, even if the defendants do not supplement the record or request an opportunity to file a new summary judgment motion.

After the Court receives defendants' request (if any) and plaintiff's response (if any), the Court will set a pretrial schedule, and the schedule will include a briefing schedule for the defendant's summary judgment motion. The defendant will not be

ORDER DIRECTING DEFENDANT TO INDICATE
THEIR DECISION TO REQUEST SUPPLEMENTING
THE RECORD OR BRIEFING OR STAND ON THEIR
CURRENT SUMMARY JUDGMENT BRIEF - 2

required to re-note the summary judgment motion, instead, the Court will re-note the motion.

Dated this 10th day of February, 2025.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER DIRECTING DEFENDANT TO INDICATE THEIR DECISION TO REQUEST SUPPLEMENTING THE RECORD OR BRIEFING OR STAND ON THEIR CURRENT SUMMARY JUDGMENT BRIEF - 3