UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADAN YUSUF IBRAHIM,

                    Plaintiff,

     v.

DRAKE, et al.

                Defendants.

Case No. 2:23-cv-01755-BHS-TLF

ORDER GRANTING
DEFENDANTS' MOTION (DKT. 62)
ANG ORDERING PLAINTIFF TO
SHOW CAUSE

This matter comes before the Court on the King County Defendants' request that this Court issue an order to show cause directing Plaintiff Adan Yusuf Ibrahim why a $70, 500.00 judgment was not reported in his *in forma pauperis* (IFP) application.

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).

Proceeding "in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). To proceed IFP, prisoners must "submit[ ] an affidavit that includes a statement of all assets [they] possess[,]" as well as a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2).

1    Using this financial information, the court shall assess and when funds exist,

2    collect an initial partial filing fee, which is "calculated based on 'the average monthly

3    deposits to the prisoner's account' or 'the average monthly balance in the prisoner's

4    account' over a 6-month term; the remainder of the fee is to be paid in 'monthly

5    payments of 20 percent of the preceding month's income credited to the prisoner's

6    account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). Thus, while

7    prisoners may qualify to proceed IFP without having to pay the statutory filing fee in one

8    lump sum, they nevertheless remain obligated to pay the full amount due in monthly

9    payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1)–(2);

10   *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

11   Plaintiff filed his IFP application on January 24, 2024. Dkt. 4. In his application,

12   he declared under penalty of perjury that he had no income and no cash on hand or in a

13   checking or savings account. Dkt. 4 at 1-2. His Resident Account Summary from the

14   King County Department of Adult and Juvenile Detention reflects that between

15   November 10, 2021 and September 26, 2023, Plaintiff had no more than a balance of

16   $50 at any given time. *See id.* at 4-5.

17   Defendants' counsel, in reviewing Plaintiff's pending criminal case (21-06662-6,

18   *State v. Ibrahim,* King County Superior Court) discovered that Plaintiff received a

19   judgment for $70,500.00 to be paid by the Department of Social and Health Services

20   (DSHD) in July 2023. Dkt. 63, Declaration of Santiago Viola Villaneuva, at Exhibits A, B.

21   Plaintiff received this settlement before applying for IFP status in the instant case.

22   There appears to be a discrepancy between the IFP application Plaintiff filed,

23   which the Court reviewed and granted, and the information from Defendants about

24

25

ORDER GRANTING DEFENDANTS' MOTION (DKT.
62) ANG ORDERING PLAINTIFF TO SHOW CAUSE - 2

Plaintiff's $70,500 judgment. Defendants have demonstrated good cause to request Plaintiff to explain whether he has current ownership of the $70,5000 in funds from this judgment, and if so, whether Plaintiff has access to such funds while incarcerated.

Therefore, the Court grants Defendants' request and directs Plaintiff to show cause why the judgment was not reported in his January 10, 2024, IFP application and whether he currently has sufficient funds to pay the filing fee such that he should not retain his *in forma pauperis* status. Plaintiff is directed to show cause by March 21, 2025.

Dated this 26th day of February, 2025.

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING DEFENDANTS' MOTION (DKT.
62) ANG ORDERING PLAINTIFF TO SHOW CAUSE - 3