UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADAN YUSUF IBRAHIM,

           Plaintiff,

v.

DRAKE, et al.,

           Defendants.

Case No. 2:23-cv-01755-BHS-TLF

PRETRIAL SCHEDULING ORDER

This is a civil rights action brought by Adan Yusuf Ibrahim, a pretrial detainee. The Complaint was filed pursuant to 42 U.S.C. § 1983. On December 11, 2024, the Court struck the initial scheduling order. Dkt. 50. The parties subsequently filed a joint status report. Dkt. 53.

Defendants filed a motion to dismiss for failure to exhaust administrative remedies[1]. Dkt. 27. The Court ordered Defendants to inform the Court and opposing counsel by filing a motion with the Court, if the Defendants request to supplement the record concerning their pending summary judgment motion. In their motion, the Defendants were instructed to clearly indicate whether they are only requesting the opportunity to present additional documents and supplement the record, or if they want to supplement the record and file a new motion for summary judgment to dismiss for

---

[1] Because Defendants are relying on evidence outside the pleadings, their motion to dismiss should be converted to one for summary judgment. *Jacobson v. AEG Capital Corp.,* 50 F.3d 1493, 1496 (9th Cir.1995).

PRETRIAL SCHEDULING ORDER - 1

failure to exhaust administrative remedies. Dkt. 59. Defendants filed a brief, but not a motion, presenting additional documents on February 18, 2025. Dkt. 60.

Plaintiff objected to Defendants' response on February 25, 2025, arguing that Defendants failed to articulate how the supplemental documents support their original motion for summary judgment. Dkt. 64.

Plaintiff's objections are well-taken. First, the Defendants were instructed to file a motion with the Court requesting whether they seek to supplement the record or file a new brief. Defendants, instead, filed their supplemental brief and documents without making a motion. Defendants did not explain how their supplemental documents support their arguments in their motion for summary judgment.

Therefore, in the interest of moving the case forward, the following amended pretrial schedule will incorporate a briefing schedule for the parties to provide supplemental briefing on the motion for summary judgment.

| Event | Date |
| --- | --- |
| Defendants supplemental brief explaining the relevance of documents submitted at Docket 63 to their motion for summary judgment for failure to exhaust administrative remedies | March 21, 2025 |
| Plaintiff's response to Defendants' supplemental brief, and supplemental response to Defendants' August 28, 2024, motion for summary judgment for failure to exhaust administrative remedies | April 11, 2025 |
| Defendants' reply brief | April 18, 2025 |
| Deadline for plaintiff's motion for leave to amend the complaint | June 6, 2025 |
| Disclosure of opening expert witnesses | June 20, 2025 |
| Disclosure of rebuttal expert witnesses | July 11, 2025 |
| All motions related to discovery must be noted on the motion calendar no later than the Friday before | Noting Date: |

PRETRIAL SCHEDULING ORDER - 2

| | |
|---|---|
| discovery closes pursuant to LCR 7(d) and LCR 37(a)(2). | November 24, 2025 |
| Discovery (including meet-and-confer meetings) completed by | December 10, 2025 |
| Last date to file and serve final dispositive motions | January 9, 2026 |
| Mediation Completed by | January 30, 2026 |

The Court instructs the Clerk to re-note Defendants' motion for summary judgment (Dkt. 27) to April 18, 2025.

A trial date and deadlines for motions in limine, Joint Pretrial Statement, and trial briefs may be established at a later date pending the outcome of any dispositive motions. Those dates will be determined by United States District Judge Benjamin H. Settle.

This order sets firm dates that can be changed only by order of the Court, not by agreement of counsel or parties. The Court will alter these dates only upon good cause shown; failure to complete discovery within the time allowed is not recognized as good cause. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day.

<u>Dispositive Motions</u>

PRETRIAL SCHEDULING ORDER - 3

Any dispositive motion shall be filed and served on or before **January 9, 2026**. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar. Dispositive motions shall be noted for consideration on a date no earlier than 28 days after filing. LCR 7(d)(4).

All briefs and affidavits in opposition to any motion shall be filed and served pursuant to the requirements of Rule 7 of the Federal Rule of Civil Procedure and LCR 7. The party making a motion may file and serve a reply to the opposing party's brief and affidavits. Any reply brief shall also be filed and served pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7.

<u>Privacy Policy</u>

Pursuant to Federal Rule of Civil Procedure 5.2 and LCR 5.2, parties must redact the following information from documents and exhibits before they are filed with the court:

- Dates of Birth: redact to the year of birth
- Names of Minors: redact to initials
- Social Security Numbers and Taxpayers Identification Number: redact in their entirety
- Financial Accounting Information: redact to the last four digits
- Passport Numbers and Driver License Numbers: redact in their entireties

All documents filed in the above-captioned matter must comply with Federal Rule of Civil Procedure 5.2 and LCR 5.2.

<u>Cooperation and Settlement</u>

As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel are further directed to cooperate in preparing the final pretrial order in the format required by LCR 16.1, except as ordered below.

A settlement conference conducted between the close of discovery and the filing of dispositive motions requires a face-to-face meeting or telephone conference between persons with authority to settle the case. The settlement conference does not have to involve a third-party neutral.

If the case settles, counsel shall notify Judicial Law Clerk Payal Patel-Marte at Payal_Patel@wawd.uscourts.gov and Courtroom Deputy Gayle Riekena at Gayle_Riekena@wawd.uscourts.gov as soon as possible. Pursuant to LCR 11(b), an attorney who fails to give prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

<u>Proof of Service and Sanctions</u>

All motions, pretrial statements and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party or upon any party acting *pro se.* The proof of service shall show the day and manner of service and may be by written acknowledgement of service, by certificate of a member of the bar of this Court, by affidavit of the person who served the papers, or by any other proof satisfactory to the Court. Failure to comply with the provisions of the Order can result in dismissal/default judgment or other appropriate sanction.

Dated this 28th day of February, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge