UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADAN YUSUF IBRAHIM,

        Plaintiff,

  v.

DRAKE, et al.,

        Defendant.

CASE NO. C23-1755 BHS TLF

ORDER

THIS MATTER is before the Court on Magistrate Judge Theresa L. Fricke's Report and Recommendation (R&R), Dkt. 77, recommending the Court maintain plaintiff Ibrahim's *in forma pauperis* status, in light of his response to her Order to Show Cause.

Judge Fricke initially granted then pro se pretrial detainee plaintiff Ibrahim's *in forma pauperis* status based on his claimed indigency. Dkts. 4 and 6. Defendants discovered that Ibrahim had previously obtained a $70,500 settlement from DSHS, and asked the Court to order him to show cause why his *in forma pauperis* status should not be revoked. Dkt. 62. Judge Fricke did so. Dkt. 65.

Through appointed counsel, Ibrahim responded that he has been in confinement and undergoing competency restoration treatment since 2021. A Superior Court Judge

ORDER - 1

determined that Ibrahim was not competent to assist in his own defense, and that DSHS had failed to timely admit him for inpatient competency restoration treatment. It ordered DSHS to pay his sister $70,500 to be disbursed to Ibrahim or on his behalf to support his housing and/or behavioral health needs. Dkt. 71 at 3. Ibrahim contends that he was not and is not in possession of the money, that he was incompetent when he applied for *in forma pauperis* status, and that that he should retain that status. *Id*.

The R&R notes that Ibrahim's Resident Account has never exceeded $50, and that while his *in forma pauperis* application was technically incorrect, there was no bad faith, and paying a federal court filing fee was arguably not within the scope of the purpose of the DSHS money in his sister's possession. Dkt. 77 at 4–5. It concludes that revocation of Ibrahim's *in forma pauperis* status is unwarranted.

Defendants object, reiterating that Ibrahim did not disclose the $70,500, and that his *in forma pauperis* application remains inaccurate, despite the fact he has counsel. Dkt. 79 at 5–6. They argue that the corrective is to dismiss his claim without prejudice—a draconian sanction they did not seek in their underlying motion for an order to show cause. *Id*. at 6 (but see Dkt. 62).

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

ORDER - 2

Defendants' objections to the R&R ask the Court to impose a sanction they did not seek in their underlying motion, and they are not otherwise well-taken. Ibrahim has amply explained his *in forma pauperis* application, and the money the state court ordered DSHS to pay his sister for his care. The Court will not revoke his *in forma pauperis* status—the sanction the defendants actually sought—and it will not dismiss the case on this record. The R&R is not clearly erroneous or contrary to law. It is **ADOPTED**, defendants' objections are **OVERRULED**, Ibrahim's *in forma pauperis* status shall remain. The case remains referred to Judge Fricke.

**IT IS SO ORDERED**.

Dated this 20th day of May, 2025.

BENJAMIN H. SETTLE
United States District Judge