UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADAN YUSUF IBRAHIM,

        Plaintiff,

   v.

DRAKE, et al.,

        Defendants.

CASE NO. C23-1755 BHS TLF

ORDER

THIS MATTER is before the Court on Magistrate Judge Theresa Fricke's Report and Recommendation (R&R), Dkt. 86, recommending the Court deny defendants' summary judgment motion, Dkt. 27.

Defendants' motion argues that plaintiff Adan Ibrahim's claims should be dismissed with prejudice because he failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA). The R&R concludes that because Ibrahim was incompetent, there is a question of fact about whether those administrative remedies were effectively unavailable to him. It also concludes that Ibrahim did exhaust some of his claims under the "continuing violation" theory, and that his grievances provided the

ORDER - 1

defendants "full opportunity, under the procedures adopted by the prison, to address plaintiff's concerns before this litigation was filed." Dkt. 86 at 18.

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

"[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[s] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

Defendants' objections to the R&R, Dkt. 87, largely repeat the "exhaustion" arguments they made in a total of five briefs on their motion, including one—related to defendant Velasquez—that was not raised until their final reply. Defendants' response to the objections, Dkt. 88, argues that each of these objections is without merit on this

record. The Court agrees. Defendants have not established as a matter of law that Ibrahim failed to exhaust his administrative remedies related to Count I, and his grievances related to Counts II and III gave defendants, including Velasquez, ample opportunity to address his concerns.

The defendants' objections are **OVERRULED**. The R&R is **ADOPTED**, and the defendants' "exhaustion" summary judgment motion is **DENIED**. The case remains referred to Magistrate Judge Theresa Fricke.

IT IS SO ORDERED.

Dated this 22nd day of September, 2025.

BENJAMIN H. SETTLE
United States District Judge