1
2
3
4                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
5                                    AT TACOMA

6    ADAN YUSUF IBRAHIM,
                                            Case No. 2:23-cv-01755-BHS-TLF
7                        Plaintiff,
                                            ORDER GRANTING LEAVE TO
8          v.                               AMEND

9    DRAKE, et al.,

                         Defendants.
10

11         This matter comes before the Court on plaintiff's Motion for Leave to File

12   Amended Complaint. Dkt 91. Having considered the parties' submissions, the record,

13   and the applicable law, the Court GRANTS the motion. Allowing plaintiff to amend

14   aligns with Federal Rule of Civil Procedure 15's liberal standard. Plaintiff's proposed

15   amendments clarify the factual and legal bases of his constitutional claims, identify the

16   proper parties, and related state-law tort claims arising out of the same alleged conduct.

17   The record shows no undue delay, bad faith, or prejudice. This is plaintiff's first motion

18   to amend, and the case remains in the pretrial phase with discovery ongoing.

19                                     BACKGROUND

20         On November 14, 2023, plaintiff filed a *pro se* handwritten proposed complaint,

21   alleging violations of his Eight Amendment rights arising from alleged mistreatment

22   while housed at King County Correctional Facility. Dkt. 1. The Court granted his request

23   for IFP and his complaint was docketed on February 28, 2024. Dkt. 7.

24

25

ORDER GRANTING LEAVE TO AMEND - 1

1    The Court appointed counsel to represent plaintiff on November 21, 2024, and

2 plaintiff now seeks leave to amend to: (1) clarify that his constitutional claims arise

3 under the Fourteenth Amendment; (2) add related tort claims under Washington law; (3)

4 correct and clarify the names and capacities of existing defendants; (4) identify

5 additional defendants; and (5) provide additional factual context based on counsel's

6 investigation, including information about plaintiff's mental-health history and grievance

7 submissions. Dkt. 91 at 10; Dkt. 92-1, Proposed Amended Complaint.

8    On May 6, 2024, the Court issued a pretrial scheduling order requiring all

9 motions to amend be filed by September 13, 2024. Dkt. 18. On August 28, 2024,

10 defendants filed a dispositive motion, asserting plaintiff failed to exhaust administrative

11 remedies and requested a stay. Dkt. 27, 30. Soon after, the Court appointed pro bono

12 counsel and struck the initial scheduling order. Dkt. 46, 50.

13    On January 13, 2025, the parties submitted a joint status report in which plaintiff

14 clarified he may to seek leave to amend; defendants objected. Dkt. 53 at 7. While

15 resolving defendants' summary judgment motion, the Court struck the then-applicable

16 scheduling order and extended plaintiff's amendment deadline to 14 days after

17 resolution of the motion. Dkt. 85. The Court's Report and Recommendation was

18 adopted in full on September 22, 2025. Dkt. 89. Plaintiff timely filed the present motion

19 on October 6, 2025. Dkt. 91.

20                              DISCUSSION

21    Federal Rule of Civil Procedure 15(a)(2) directs that courts "should freely give

22 leave" to amend pleadings "when justice so requires." Courts consider five factors: bad

23 faith, undue delay, prejudice, futility, and prior amendments. *Johnson v. Buckley*, 356

24

25

ORDER GRANTING LEAVE TO AMEND - 2

F.3d 1067, 1077 (9th Cir. 2004). Prejudice is the "touchstone" of the inquiry, and absent prejudice or a strong showing on another factor, leave should be granted. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The analysis is guided by Rule 15's purpose — to ensure decisions on the merits rather than technicalities — and should be conducted with all inferences in favor of amendment. *Griggs v. Pace Am. Grp*., Inc., 170 F.3d 877, 880 (9th Cir. 1999); *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991).

### A.  Lack of Prejudice or Delay

The Court finds no prejudice or undue delay that would justify denying amendment. From August 28, 2024 through September 22, 2025, the litigation centered almost exclusively on defendants' motion for summary judgment on exhaustion rather than the substance of plaintiff's allegations. The proposed amended complaint rests on the same underlying factual events as the pro se complaint. The discovery period remains open for more than nine months — the scheduling order contemplates discovery closing on August 24, 2026, giving defendants ample time to adjust their litigation strategy. Dkt. 93. The Court therefore concludes Defendants will not be prejudiced by amendment.

### B.  Good Faith and Diligence

Plaintiff's request to amend came after the appointment of counsel and after the Court clarified the schedule during the summary judgment proceedings. The proposed

1    amended complaint reflects counsel's investigation and refinement of the claims first set

2    forth in plaintiff's *pro se* filing. The Court finds no indication of bad faith.

3        **C.  Futility**[1]

4        Defendants argues the proposed state-law tort claims are futile because plaintiff

5    allegedly failed to comply with RCW 4.96.020's mandatory pre-filing notice requirement,

6    which mandates that claimants present written notice to the appropriate local

7    government and then wait sixty days before commencing suit. Dkt. 94; Wash. Rev.

8    Code § 4.96.020(4).

9        Plaintiff contends he met the statutory requirement. The parties agree that he

10    submitted two claim notices to the King County Office of Risk Management Services—

11    on May 29, 2024 and August 12, 2024. Dkt. 94 at 2; Dkt. 95 at 4. Plaintiff notes that his

12    November 2023 complaint did not assert any tort claims; that the state-law claims are

13    raised for the first time in the proposed amendment. Dkt. 95 at 1-2. This motion was

14    filed on October 6, 2025, well over sixty days after both notices were received.

15        The Court concludes that amendment is not futile. For newly asserted tort claims,

16    commencement occurs when a plaintiff files a motion for leave to amend to add those

17    claims. *Bearden v. City of Ocean Shores*, 644 F. Supp. 3d 876, 891 (W.D. Wash. 2022),

18    *vacated and remanded on other grounds sub nom*., *Bearden v. City of Ocean Shores,*

19    *WA*, No. 23-35021, 2025 WL 2417727 (9th Cir. Aug. 21, 2025); Wash. Rev. Code Ann.

20    § 4.96.010(1) ("Filing a claim for damages within the time allowed by law shall be a

21    condition precedent to the commencement of any action claiming damages."). Plaintiff

22

23    ---
      [1] Defendants' opposition to the motion is limited solely to plaintiff's proposed state-law tort claims. Dkt. 94
      at 2 ("Defendants limit their objection to the attempt to add state claims to this lawsuit without complying

24    with the mandatory pre-filing notice requirement. RCW 4.96.020.").

25

ORDER GRANTING LEAVE TO AMEND - 4

1    submitted his notices months before seeking amendment, satisfying the sixty-day

2    waiting period.

3            Washington law requires substantial — not strict — compliance with the claim-

4    filing statute. Wash. Rev. Code Ann. § 4.96.020 ("…[T]his section must be liberally

5    construed so that substantial compliance will be deemed satisfactory."); *see also Magee*

6    *v. Island Cnty.*, Wash., 2018 WL 3869437, at *4 (W.D. Wash. Aug. 15, 2018) ("In 2009 .

7    . . the Washington Legislature amended the statute to dictate that substantial

8    compliance with pre-suit claim procedures would suffice."). The purpose of the statute is

9    "to allow government entities time to investigate, evaluate, and settle claims before they

10   are sued." *Renner v. City of Marysville*, 168 Wn.2d 540, 545 (2010) (en banc) (quoting

11   *Medina v. Pub. Util. Dist. No. 1*, 147 Wn.2d 303, 310 (2002)). Plaintiff's notices, which

12   were served long before this motion, and the fact that the tort theories are first asserted

13   in the amended complaint, satisfy both the statutory waiting period and its intended

14   purpose.

15                              <u>CONCLUSION</u>

16           The Court therefore GRANTS plaintiff's Motion for Leave to File Amended

17   Complaint. Dkt. 91. Plaintiff is instructed to file and serve the First Amended Complaint

18   in compliance with Federal Rule of Civil Procedure 4 and Western District of

19   Washington Local Civil Rule 15.[2]

20           Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a), the parties shall

21   have fourteen (14) days from service of this order to file written objections. *See also*

22

23   [2]Because the pro se complaint was handwritten, strict compliance with LCR 15's redline requirement is
     impracticable. The Court therefore excuses counsel's inability to provide a redlined version of the
24   proposed amended complaint.

25

ORDER GRANTING LEAVE TO AMEND - 5

1  Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

2  purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can

3  result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474

4  U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

5  omitted).

6

7        Dated this 17th day of November, 2025.

8

9

10

11        Theresa L. Fricke
          United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER GRANTING LEAVE TO AMEND - 6